|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT | |
| 9 | WESTERN DISTRICT OF WASHINGTON AT TACOMA | |
| 10 | MYUNG D C., | |
| 11 | Plaintiff, | CASE NO. 2:18-CV-01034-JCC-DWC |
| 12 | v. | REPORT AND RECOMMENDATION |
| 13 | COMMISSIONER OF SOCIAL SECURITY, | Noting Date: January 11, 2019 |
| 14 | | |
| 15 | Defendant. | |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff filed this matter seeking judicial review of Defendant's denial of her application for disability insurance benefits ("DIB").

After considering the record, the undersigned concludes the Administrative Law Judge ("ALJ") erred when he failed to account for Plaintiff's testimony about his migraines. Had the ALJ properly considered Plaintiff's testimony, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and the undersigned recommends this matter be reversed and remanded pursuant to sentence four of 42

U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On December 5, 2014, Plaintiff filed an application for DIB, alleging disability as of October 31, 2013. *See* Dkt. 6, Administrative Record ("AR") 16. The application was denied upon initial administrative review and on reconsideration. *See* AR 16. A hearing was held before ALJ Timothy Mangrum on December 14, 2016. AR 31-53. In a decision dated May 15, 2017, the ALJ determined Plaintiff to be not disabled. AR 16-25. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* Dkt. 8, p. 2; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred in evaluating Plaintiff's testimony about the effects of his migraines. Dkt. 8, pp. 2-3. Plaintiff requests an award of benefits. Dkt. 8, p. 3.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.    Whether the ALJ erred in evaluating Plaintiff's testimony.**

Plaintiff argues the ALJ erred by failing to account for Plaintiff's testimony about his migraines. Dkt. 8, pp. 2-3.

1    To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent

2 reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted).

3 The ALJ "must identify what testimony is not credible and what evidence undermines the

4 claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless

5 affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the

6 claimant's testimony must be "clear and convincing." *Lester*, 81 F.3d at 834 (citation omitted).

7 While Social Security Administration ("SSA") regulations have eliminated references to the term

8 "credibility," the Ninth Circuit has held its previous rulings on claimant's subjective complaints

9 – which use the term "credibility" – are still applicable.[1] *See* SSR 16-3p, 2016 WL 1119029

10 (Mar. 16, 2016); 2016 WL 1237954 (Mar. 24, 2016); *see also Trevizo v. Berryhill*, 871 F.3d 664,

11 678 n.5 (9th Cir. 2017) (noting SSR 16-3p is consistent with existing Ninth Circuit precedent).

12    Questions of credibility are solely within the ALJ's control. *Sample v. Schweiker*, 694

13 F.2d 639, 642 (9th Cir. 1982) (quotation marks and citations omitted). The Court should not

14 "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir.

15 1984). Moreover, the Court may not reverse a credibility determination where the determination

16 is based on contradictory or ambiguous evidence. *Id.* at 579.

17    Plaintiff testified that he gets a migraine two or three times a week. AR 45. He stated that

18 when he gets a migraine, he feels like he passed out, has a hard time concentrating, and feels

19 very tired. AR 42. He stated that when a migraine occurs, he takes medication, which makes him

20 feel better after about an hour. AR 42-43. He stated the medication makes him sleep for about

---

[1] Because the applicable Ninth Circuit case law refers to the term "credibility," the Court will use the terms "credibility" and "subjective symptom testimony" interchangeably.

two hours afterward and then he has a period of about an hour and a half during which it is difficult to think and he feels very tired. AR 43.

The ALJ did note this testimony in his decision when discussing Plaintiff's subjective allegations. AR 21. But the only analysis the ALJ provided regarding whether the objective evidence supported Plaintiff's claims was limited and essentially conclusory:

> Even [Plaintiff's self-report] suggests the claimant has headaches or migraines lasting up to 1 hour and 10 minutes, or as little as 30 minutes, and that this occurs only 2-3 times per week – not necessarily during work hours. While the claimant's condition can be described as inconvenient and unpleasant at least, there is no objective basis to call it disabling.

AR 23.

The ALJ did not state any reason for rejecting Plaintiff's testimony that when he gets a migraine, he feels like he passed out, has a hard time concentrating, and feels very tired. Also, the ALJ did not provide any reasoning for rejecting Plaintiff's testimony that when a migraine occurs, he takes medication that makes him sleep for about two hours afterward and then he has a period of about an hour and a half during which it is difficult to think and he feels very tired. AR 43.

Thus, the ALJ did not provide specific, cogent reasons to reject Plaintiff's testimony that he would be restricted in the ability to work because of the limitations caused by his migraines. Because the ALJ did not "identify what testimony is not credible and what evidence undermines the claimant's complaints," he erred. *See Lester*, 81 F.3d at 834.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The Ninth

Circuit has stated "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-19 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ credited Plaintiff's testimony regarding his migraines, including that he could not work for four and a half hours after a migraine started, the RFC may have contained additional limitations. At the hearing, the vocational expert ("VE") testified about the requirements for an airline security job and a quality assurance analysis job. AR 48-51. The VE stated that more than one absence a month would exclude employment for the airline security job and reduce the number of jobs available for the quality assurance analysis job by 50 to 60 percent. AR 50. The VE stated that if an employee also had to take extra breaks of 30 minutes each a few times a week, the employee could perform the quality assurance analysis job but not the airline security job. AR 50-51. The ALJ did not question the VE on whether employment would be precluded if an employee had to take breaks of up to four and a half hours. If the ALJ had included questions about this limitation, the RFC and ultimate finding of non-disability may have changed. Therefore, the ALJ's error is not harmless, and the undersigned recommends the Court reverse and remand. The undersigned also recommends the Court direct the ALJ on remand to re-evaluate Plaintiff's testimony about how long it takes him to recover from his migraines.

**II.     Whether this case should be remanded for an award of benefits.**

Plaintiff requests the Court remand this case for an award of benefits. Dkt. 8, p. 3.

REPORT AND RECOMMENDATION - 5

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292.

In this case, the undersigned has recommended the Court direct the ALJ to re-evaluate Plaintiff's testimony about his impairment. *See* Section I, *supra*. Because outstanding issues remain regarding the severity of Plaintiff's impairment, the undersigned recommends this matter be remanded for further consideration.

## CONCLUSION

Based on the above-stated reasons, the undersigned recommends this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further proceedings consistent with this Report and Recommendation. The undersigned also recommends judgment be entered for Plaintiff and the case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

1  imposed by Rule 72(b), the clerk is directed to set the matter for consideration on January 11,

2  2019, as noted in the caption.

3      Dated this 21st day of December, 2018.

                                              David W. Christel
                                              United States Magistrate Judge